UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| SIDEA S. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-48 DDN |
| | ) | |
| WOMEN'S EASTERN RECEPTION DIAGNOSTIC AND CORRECTIONAL CENTER, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b); *Henderson v. Norris*, 129 F.3d 481(8th Cir. 1997). Additionally, this action is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against the Women's Eastern Reception Diagnostic and Correctional Center and Correctional Officer Jeffery Terry. Terry made conversation with plaintiff that made her feel "extremely uncomfortable." She says the conversation included "statements improper" and "innuendo of a flirtatious nature." Afterwards, she tried to avoid him. In retaliation, he falsely accused her of arson. She was found guilty and given thirty days in disciplinary segregation. As a result, her conditional release date was rescinded.

## Discussion

Plaintiff's description of her conversation with Terry does not implicate the Constitution. In general, "mere words, without more, do not invade a federally protected right." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). Verbal threats may state a constitutional claim if the allegations describe "in plain words a wanton act of cruelty which, if it occurred, was brutal despite the fact that it resulted in no measurable physical injury to the prisoner." *Id.* at 100. That is not the case here. Plaintiff describes a de minimis infliction of psychological pain, which is not actionable under § 1983. *See Hudson v. McMillian*, 503 U.S. 1, 16 (1992) (Blackmun, J., concurring opinion).

The filing of a false conduct violation does not, in and of itself, state a claim under § 1983. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam). However, filing a disciplinary charged "becomes actionable if done in retaliation for the inmate's filing of a

grievance." *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994). In this case, plaintiff does not allege that she filed a grievance against Terry or engaged in other protected speech. As a result, her retaliation claim does not rise to the level of a constitutional violation.

To the extent that plaintiff is attempting to bring a due process claim for the loss of her conditional release date, the claim fails because she does not have a constitutional right to conditional release. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. *E.g.*, *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant). Consequently, her due process allegations fail to state a claim upon which relief can be granted.

A suit against WERDCC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). Therefore, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

3

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 18th day of August, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).